## Lindsay vs. Lamb.

Whoever sells personal property in possession is held in law to warrant the title' and is incompetent as a witness for his vendee in an action concerning the title. Fraud may be shown at law as well as in chancery; and is a mixed question of law and fact; and any evidence tending to show that the title of the plaintiff was acquired by fraud, should go to the jury.

*Appeal from Lawrence Circuit Court.*

Hon. W. R. Cain, Circuit Judge.

Watkins & Rose, for the appellant.

Stillwell & Wassell, for appellee.

Mr. Chief Justice Clendenin delivered the opinion of the court.

Martin Lamb brought his action of trover in the Lawrence circuit court against John A. Lindsay, for the value of a wagon and a wagon-bed. The defendant plead not guilty. On the trial of this issue, the plaintiff offered as a witness, Archibald Jones, who at the instance of the defendant, was sworn on his *voir dire*, and testified that this suit was brought by the plaintiff to recover the value of a wagon; that witness had sold the wagon to plaintiff: that John A. Lindsay & Co., had levied on the wagon under an execution, issued on a judgment obtained before a justice of the peace in their favor against witness, and sold the wagon thereunder, and that at such sale the defendant Lindsay had become the purchaser. Upon this statement of the witness on his *voir dire*, the counsel of the defendant objected to the introduction of Jones as a witness for the plaintiff, but the court overruled the objection, and permitted the witness to testify, to which the defendant excepted.

This exception thus taken brings up for our consideration, the

question as to the competency of the witness so offered, and who had so testified. The witness clearly showed that he was the vendor of the plaintiff; and we think the principle is well settled, that the warrantor of the title to the property which is in controversy is generally incompetent as a witness for his vendee in an action concerning the title; and it makes no difference in what manner the liability arises, nor whether the property is real or personal.

If the title is in controversy, the person who is bound to make it good to one of the litigating parties against the claim of the other, is identified in interest with that party, and therefore cannot testify in his favor.

In order to render the witness liable and therefore incompetent, as a warrantor of the title, it is not necessary to show an express contract to that effect, for an implied warranty is equally binding. See *Greenleaf's Evidence, vol. I., p.* 521–522, *and authorites cited.* This principle has been assented to by this court in the case of *Arnold vs. McNeil,* 17 *Ark.,* 186. In *Kent's Commentaries, vol. II., p.* 478, it is said, that whoever sells personal property in possession, is held in the law to warrant the title to the same. Testing the action of the court by these principles of law, we are of the opinion that the witness Jones was an incompetent witness, and that the court erred in permitting him to testify.

There is another point raised by the assignment of errors and the bill of exceptions in this case, which we deem necessary to decide.

After the witness Jones had testified in chief, the defendant, on his cross examination, proposed to examine him as "to the fairness of the sale of the wagon by him to plaintiff," but the court, on the objection of the plaintiff, refused to permit the defendant to examine him. The defendant then proposed generally to prove that the sale of the wagon by Jones to the plaintiff, was a fraudulent sale, but the defendant objecting, the court refused to allow the testimony to be introduced. The defendant proposed to prove by a witness, naming him, specific facts, set out in the

bill of exceptions, relating to the sale of the wagon, and posses-
sion by Jones after the sale to plaintiff of the wagon, and which
were, in some degree, designed to show the character of the
transaction connected with the sale of the wagon, but the court
refused to permit the defendant to make such proof. In this the
court erred : the evidence should have gone to the jury : it was
their province to hear it and to decide whether the sale was a
fraudulent one or not. Fraud may be shown at law as well as in
chancery, *Phelan vs. Dotson*, 14 *Ark.*, 79 ; *Ringgold vs. Wag-
goner*, 14 *Ark.*, 69. It is a mixed question of law and fact, and
should have been left to the jury. *Dodd vs. McCraw*, 3 *Eng-
lish* 83.

For these errors, this case will be reversed and remanded for a
new trial.